| United States District Court | Southern District of Texas |
|---|---|

Sandbox Logistics, LLC, et al., §
§
        Plaintiffs, §
§
versus §        Civil Action H-12-3351
§
Claude Lavoie, et al., §
§
        Defendants. §

## Opinion on Partial Summary Judgment

1. John Oren – through Sandbox Logistics, LLC – and Claude Lavoie – through TBM Sand and Storage Logistics, LLC – transport sand that oil companies use for fracturing.

2. In early 2011, Lavoie had not named his company – much less developed a coherent marketing strategy. He met with a few prospective clients and referred abstractly to his technology as a sandbox. Oren also marketed a similar product to five clients – calling his a sandbox as well.

3. In November of 2011, Lavoie and Oren discussed working together. Lavoie told Oren that he planned to name his business Future Frac Sand Storage Systems. Oren suggested they market it by using the name Sandbox.

4. In December of 2011, Lavoie advertised the business as Sandbox. Oren registered a Sandbox website and incorporated Sandbox Logistics, LLC, in Texas.

5. Although Lavoie applied for a trademark with the United States Patent and Trademark Office in January of 2012, both Lavoie and Oren say that they owned the mark before it was registered.

6. A person owns an unregistered mark if he has used it in the ordinary course of trade.[1] Commercial use is public; it distinguishes and identifies the product in the minds of prospective customers.[2] Private or transitory use of mark cannot establish ownership.

7. Compelling evidence of commercial use is testimony from competitors or customers that they recognize your mark.[3] A few sales presentations or a single advertisement of an unregistered mark is not sufficiently distinguishing to show ownership.[4]

8. Lavoie used the term sandbox first, but he was not using it as a label for his business or technology. He was describing his invention in layman's terms. He had planned to call his business Future Frac Sand Storage Systems until Oren convinced him that Sandbox was better.

9. Oren first marketed the company as Sandbox. He designed a logo, hired graphic consultants, incorporated Sandbox Logistics in Texas, and registered a Sandbox Logistics website before Lavoie applied for a trademark.

10. Because Oren invested in designing a logo and then used his mark to advance his new company's marketing before Lavoie applied to trademark the term, Lavoie's motions for partial summary judgment and to stay the case will be denied.

Signed on February 4, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] 11 U.S.C. § 1127 (2012).

[2] Blue Bell, Inc. v. Farah Mfg. Co., Inc. 508 F.2d 1260, 1266 (5th Cir. 1975).

[3] Allard Enterprises, Inc. v. Advanced Programming Resources, Inc., 146 F.3d 350, 358 (6th Cir. 1998).

[4] Lucent Information Management, Inc. v. Lucent Tech., Inc., 186 F.3d 311, 315 (3rd Cir. 1999).